[Cite as *Kleemeier v. Schlau*, 2014-Ohio-468.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MADELINE M., n.k.a. MADELINE KLEEMEIER, | : | APPEAL NO. C-130361 |
| | | TRIAL NO. P08-242Z |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| STEPHEN SCHLAU, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 12, 2014

*Cornetet, Meyer, Rush & Kirzner* and *Karen P. Meyer*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant Stephen Schlau appeals the judgment of the Hamilton County Juvenile Court dismissing his objections and adopting the decision of the magistrate in this child-support matter.  Because we determine that the trial court erred in vacating the magistrate's order granting Schlau an extension of time to file objections and in failing to consider Schlau's amended objections, we reverse the trial court's judgment and remand the matter to the trial court with instructions to rule on Schlau's amended objections.

{¶2}   In 2008, a child-support order was registered in the trial court ordering Schlau to pay support to plaintiff-appellee Madeline Kleemeier[1] for the benefit of their biological child, L.M.  Kleemeier moved to modify that child-support order in 2010.  In connection with the request for modification, the magistrate entered two decisions relevant to this appeal: one on April 19, 2012, ("the April 19 decision") and one on May 1, 2012, ("the May 1 decision").  The trial court adopted both the April 19 and the May 1 decisions, but the record does not reflect service of those decisions on the parties or their counsel.

{¶3}   On June 12, 2012, Schlau simultaneously filed a request for findings of fact and conclusions of law and objections with respect to the May 1 decision.  Although captioned as objections, Schlau's filing was essentially a request for an extension of time to file objections, wherein Schlau asserted that he was never served with the May 1 decision, and that he had discovered its existence only after the Child Support Enforcement Agency ("CSEA") contacted him on June 5.  Schlau also

---

[1] We note that Kleemeier did not file a brief with this court or otherwise appear in this appeal.

2

reserved the right to file amended objections once the requested transcript had been received.

{¶4}   The magistrate entered an order on August 14, 2012, granting Schlau's request for an extension of time to file objections.  The magistrate specifically found that neither the parties nor their attorneys had been served with either the April 19 or May 1 decisions.

{¶5}   Schlau filed amended objections on August 24, 2012.   Within his objections, Schlau requested an extension of time with regard to the April 19 decision, stating that neither he, nor his counsel, had been served with that decision and that he had only discovered the existence of the April 19 decision at a hearing in front of the magistrate on June 24, 2012.  Schlau also renewed his request for an extension of time with regard to filing objections to the May 1 decision, but he did not renew his request for findings of fact and conclusions of law.  Schlau then stated his objections to the merits of both the April 19 and May 1 decisions.

{¶6}   On May 14, 2013, the trial court entered its decision adopting the magistrate's May 1 decision.  In doing so, the trial court "dismissed" Schlau's June 12, 2012 objections to the May 1 decision as filed out of time, and sua sponte set aside the magistrate's August 14, 2012 order granting Schlau an extension of time to file objections.  The trial court found that both parties had stated "on the record" that they had received the May 1 decision, although the date of service was "unclear."  The trial court also found that no objections had been filed with regard to the April 19 decision, and that Schlau had requested findings of fact and conclusions of law with regard to the May 1 decision, but none had been filed by the trial court.  Schlau now appeals from the trial court's decision.

3

{¶7}   We address Schlau's four assignments of error together, all of which challenge the trial court's decision dismissing his objections and adopting the magistrate's May 1 decision.  Schlau primarily argues that the trial court erred under Civ.R. 53(D)(5) in vacating the magistrate's order granting him an extension of time to file objections where the record supported his assertion that he had never been served with either the April 19 or May 1 decision.

{¶8}   As an initial matter, we note that the Rules of Juvenile Procedure govern a child-support matter before the juvenile court.  *See* Juv.R. 1(A).  Therefore, we substitute Juv.R. 40, the equivalent to Civ.R. 53, in Schlau's argument.  *See In re K.M.*, 3d Dist. Shelby Nos. 17-11-15, 17-11-16 and 17-11-17, 2011-Ohio-3632, ¶ 19.

{¶9}   In juvenile court, a magistrate's decision must be served on all parties or their attorneys within three days after the decision is filed.  Juv.R. 40(D)(3)(a)(iii).  Service must be made in accordance with Civ.R. 5(B), which requires, in part, completed proof of service.  Juv.R. 20(B).  A party normally must file objections to a magistrate's decision in juvenile court within 14 days after the decision is filed.  Juv.R. 40(D)(3)(b)(i).  However, Juv.R. 40(D)(5) provides:

> For good cause shown, the court **shall** allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision.  'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision.

(Emphasis added.)

{¶10} Schlau contends that he was not served with either the April 19 or the May 1 decision, and that he only became aware of the May 1 decision after the CSEA contacted him on June 5, 2012. Similarly, Schlau contends that he only became aware of the April 19 decision on June 24, 2012, at a hearing in front of the magistrate. The record is devoid of any proof of service for the April 19 and May 1 decisions on either party or their attorneys, as required by Juv.R. 40(D)(3)(a)(iii) and Juv.R. 20(B). Although the trial court found that the parties had stated "on the record" that they had received the May 1 decision, the record belies such a finding.

{¶11} The record supports Schlau's assertion that neither he nor his attorney was timely served with the April 19 and May 1 decisions, thus the trial court was required to allow Schlau a reasonable extension of time to file objections. *See* Juv.R. 40(D)(5). Moreover, Schlau filed his amended objections within a reasonable period of time—ten days after the entry of the magistrate's order granting him an extension of time to file. *See May v. May*, 4th Dist. Adams No. 11CA910, 2012-Ohio-2348, ¶ 25 (concluding that a trial court should have considered an appellant's objections under Civ.R. 53(D)(5) where the appellant had filed the objections, at the latest, 12 days after having received the magistrate's decision). Therefore, the trial court erred in sua sponte vacating the magistrate's order granting Schlau an extension of time, and the trial court should have independently reviewed and ruled on Schlau's amended objections filed August 24, 2012, "to ascertain that the magistrate ha[d] properly determined the factual issues and [had] appropriately applied the law." *See* Juv.R. 40(D)(4)(d).

{¶12} We sustain Schlau's assignments of error to the extent that we determine that the trial court erred in adopting the magistrate's May 1 decision by

5

setting aside the magistrate's order granting Schlau an extension of time to file objections, and that the trial court should have considered Schlau's amended objections to the April 19 and May 1 decisions.

{¶13} The judgment of the trial court is reversed, and this cause is remanded to the trial court to rule on Schlau's amended objections filed August 24, 2012, under Juv.R. 40(D)(4)(d), and for proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

HENDON, P.J., and DINKELACKER, J., concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.