[Cite as *In re K.G.*, 2014-Ohio-4495.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

IN RE: K.G.                 :          APPEAL NO. C-130220
                                         TRIAL NO. F08-1868z

                                :          *O P I N I O N.*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 10, 2014

Appellant Father, pro se.

Please note: this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1} Father appeals the judgment of the Hamilton County Juvenile Court dismissing his objections and adopting the decision of the magistrate in a custody matter. Because we determine that the trial court erred by dismissing his objections, we reverse the judgment and remand the cause to the trial court with instructions to rule on the objections.

{¶2} Father filed a petition for the custody of his child. After a trial on the matter, the magistrate recommended the granting of custody to the child's mother. Father filed timely objections to the magistrate's decision. The trial court "dismissed" the objections, stating that father had "an appeal pending."

{¶3} In four related assignments, father argues that the trial court erred by (1) determining that he had filed an appeal; (2) determining that it lacked jurisdiction over his objections; (3) denying him the opportunity to be heard; and (4) dismissing his objections without an opportunity to be heard.

{¶4} Juv.R. 40(D)(4)(d) requires a trial court to rule on objections that are timely filed. In ruling on objections, the court must undertake an independent review as to the objected matters to ensure that the magistrate properly determined the factual issues and appropriately applied the law. Juv.R. 40(D)(4)(d); *Madeline M. v. Schlau*, 1st Dist. Hamilton No. C-130361, 2014-Ohio-468.

{¶5} In this case, the trial court dismissed father's objections on the mistaken presumption that he had filed an appeal and that the court had therefore been divested of jurisdiction. However, a cursory review of the record by the trial court would have demonstrated that no such appeal had been filed and that the court had not lost jurisdiction over the matter. Consequently, we hold that the trial court

erred by dismissing father's objections without conducting an independent review of the objected matters before adopting the magistrate's decision.

{¶6}    Accordingly, we sustain father's assignments of error.  We reverse the trial court's judgment and remand this matter to the trial court to rule on father's objections pursuant to Juv.R. 40(D)(4)(d).

Judgment reversed and cause remanded.


**HILDEBRANDT, P.J.**, and **DINKELACKER, J.**, concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.