[Cite as *In re N.D.*, 2016-Ohio-7620.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: N.D. | : | APPEAL NO. C-160206<br>TRIAL NO. 14-7059X |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 4, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Appellant N.D.

**STAUTBERG, Judge.**

{¶1}    Appellant N.D. appeals the judgment of the trial court adopting the decision of the magistrate, which adjudicated N.D. delinquent for committing acts that, if committed by an adult, would have constituted aggravated arson, and entered a disposition.  N.D. raises two assignments of error: (1) the juvenile court erred in dismissing N.D.'s December 22, 2014 objections to the magistrate's decision, and (2) N.D.'s adjudication as delinquent was against the manifest weight of the evidence.  We sustain N.D.'s first assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion.

{¶2}    On August 16, 2014, while D.R. was playing tag with three of his cousins at a friend's home, someone threw a flammable material onto D.R.'s shirt and set him on fire.  D.I., D.R.'s 14-year-old cousin, helped extinguish the fire.  The boys then went back to D.I.'s house, where D.I. placed D.R. in a cold shower and then sent him to bed.  Although there were adults at home, neither D.I. nor D.R. informed the adults about the incident.

{¶3}    The next morning, D.R. told his mother that his back was "messed up." After looking at D.R.'s injuries, D.R.'s mother informed the rest of the family of the incident.  The family searched the neighborhood for a tall, dark-skinned, "guy with [an] afro [who] had on cargo pants and a shirt," but was unsuccessful.

{¶4}    A family member eventually called the police.  The police instructed D.R.'s mother to take D.R. to the hospital.  At the hospital, a doctor diagnosed D.R. with second-degree burns to his back and left ear.

{¶5}    D.R.'s family members searched the neighborhood again for the culprit.  The family found N.D. in the neighborhood, and accused him of burning

D.R. A family member then informed D.R. and D.R.'s mother that they had found the culprit, and then called the police. D.R. and his mother arrived at the scene, and the police arrived soon thereafter. D.I. positively identified N.D. as the person who had committed the offense. D.R. told the officer that he had seen N.D. nearby the day of the offense. N.D. denied burning D.R. and told the officer that he was elsewhere at the time of the offense. The officer arrested N.D.

{¶6}    On August 17, 2014, a delinquency complaint was filed against N.D. for committing acts that, had N.D. been an adult, would have constituted aggravated arson, in violation of R.C. 2909.02(A)(1). The case proceeded to trial on October 15, 2014, and December 10, 2014. Four witnesses, including D.R., D.I., D.R.'s mother, and the arresting officer, testified on behalf of the state. On December 17, 2014, the magistrate issued a decision adjudicating N.D. delinquent.

{¶7}    On December 22, 2014, N.D. filed objections to the magistrate's decision. N.D. did not appear at the February 10, 2015 hearing on the objections. Defense counsel asked for a continuance, or in the alternative, to proceed with objections and waive N.D.'s appearance. The trial court continued the matter to February 23, 2015. N.D. again failed to appear. On the record, the trial court dismissed the objections "for failure to forward the objection." In the entry, the court stated, "Upon consideration and review, objection dismissed."

{¶8}    On June 3, 2015, the magistrate issued an order regarding N.D's disposition. N.D. moved to dismiss the matter under Juv.R. 29, as the magistrate's order was not an effective disposition. N.D. asked the magistrate to dismiss the matter or issue a decision. On November 4, 2015, the magistrate issued a decision that "correct[ed], nunc pro tunc, the entry dated June 3, 2015" that was mistakenly styled an order and not a decision. N.D. filed objections to the magistrate's decision,

which the trial court overruled after a hearing. The trial court, in an entry on December 22, 2015, adopted the decision of the magistrate. This appeal followed.

{¶9} In his first assignment of error, N.D. asserts that the juvenile court erred in dismissing his December 22, 2014 objections to the magistrate's decision. We agree.

{¶10} Pursuant to Juv.R. 40(D)(4)(d), if objections to a magistrate's decision are timely filed, the court *shall* rule on those objections. (Emphasis added.) "In ruling on objections, the court must undertake an independent review as to the objected matters to ensure that the magistrate properly determined the factual issues and appropriately applied the law." *In re K.G.*, 1st Dist. Hamilton No. C-130220, 2014-Ohio-4495, ¶ 4, citing Juv.R. 40(D)(4)(d), and *Madeline M. v. Schlau*, 1st Dist. Hamilton No. C-130361, 2014-Ohio-468.

{¶11} Here, the trial court dismissed N.D.'s objections for his failure to appear at the hearings on objections, despite his counsel being present for both hearings. A review of the record demonstrates that N.D.'s failure to appear at the objections hearings were the reasons for the dismissal.

{¶12} The trial court's entry dismissing N.D's objections without ruling on them is contrary to Juv.R. 40(D)(4)(d). Consequently, we hold that the trial court erred when it dismissed N.D.'s objections rather than conducting an independent review and ruling on the objected matters. *See In re K.G.* at ¶ 5. Accordingly, we sustain N.D.'s first assignment of error.

{¶13} In his second assignment of error, N.D. contends that his adjudication as delinquent was against the manifest weight of the evidence. Our resolution of his first assignment of error renders this assignment of error moot, and we, therefore, decline to address it. *See* App.R. 12(A)(1)(c).

{¶14}     The trial court's judgment is reversed and the cause is remanded to the trial court to rule on N.D.'s December 22, 2014 objections to the magistrate's decision pursuant to Juv.R. 40(D)(4)(d).

Judgment reversed and cause remanded.

HENDON, P.J., and CUNNINGHAM, J., concur.

Please note:

This court has recorded its own entry this date.