[Cite as *State v. Stacy*, 2016-Ohio-7977.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150730 |
| | | TRIAL NO. C-15CRB-22986 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CHAD B. STACY, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  December 2, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp,* for Defendant-Appellant.

**STAUTBERG, Judge.**

{¶1}    Plaintiff-appellant Chad B. Stacy has appealed the judgment of the Hamilton County Municipal Court convicting him of sexual imposition in violation of R.C. 2907.06.    We affirm the trial court's judgment convicting Stacy of sexual imposition, but we hold that the trial court did not provide proper notice to Stacy of his sex-offender registration duties as required by R.C. 2950.03, and we remand this cause for the court to provide the required notice.

### *Facts and Procedure*

{¶2}    On August 16, 2015, 16-year-old A.T. was spending the night at her mother's home.  A.T. fell asleep on the couch with her dog.  At about 4:00 a.m., A.T. woke up suddenly to find Stacy touching her.  His hand was under her shorts, but outside of her underwear.  A.T. ran to her mother's room crying and upset.  She woke her mother and told her that Stacy had touched her.  When confronted by A.T.'s mother, Stacy said that he had found dog urine in the house and had been trying to get the dog off of the couch and into the bathroom.  A.T.'s mother found nothing to indicate that the dog had urinated in the house.  In the meantime, A.T. called her boyfriend and her stepmother.

{¶3}    A.T. met her stepmother at a gas station and they called the police. The police officer met A.T. and her stepmother between 6:00 and 7:00 a.m. in a grocery store parking lot.  Although A.T. appeared calm when she described the incident, the officer "got the feeling that something had happened" because "she was out of the ordinary, something had upset her."  A police detective conducted a follow-up investigation, which included talking to Stacy.  Stacy gave oral and written statements in which he stated that he had been trying to get A.T.'s dog and put it into the bathroom because it had urinated on the floor.  In his oral statement, Stacy

2

admitted that he could have "accidentally" touched A.T. when he was reaching for the dog.

{¶4}    Following a bench trial, the trial court found Stacy guilty of sexual imposition and sentenced him to 60 days in jail, with credit for 12 days.  The court's journal entry states that Stacy "is also declared a Tier I sex offender" and that he "must register for 15 years."

### Sufficiency of Evidence

{¶5}    Stacy's first assignment of error alleges that his conviction was not supported by sufficient evidence.  He argues that the state did not produce sufficient evidence to corroborate A.T.'s testimony, as required by R.C. 2907.06(B).  We disagree.

{¶6}    R.C. 2907.06(B) states, "No person shall be convicted of a violation of [the sexual imposition statute] solely upon the victim's testimony unsupported by other evidence."  "The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged.  Slight circumstances or evidence which tends to support the victim's testimony is satisfactory." *State v. Economo*, 76 Ohio St.3d 56, 666 N.E.2d 225 (1996), syllabus.  In *Economo*, a patient alleged that her treating doctor had inappropriately touched her.  The Ohio Supreme Court held that medical records showing the physician-patient relationship and that the victim had an appointment on the day of the incident, along with evidence that the victim had asked her sister to accompany her to the doctor's office a few days after the incident because she was scared and upset and that the victim was on the verge of crying when she left the doctor's office was enough to get over the "threshold inquiry of legal sufficiency" to allow the "factfinder to determine whether there was sufficient

proof beyond a reasonable doubt to support the sexual imposition charges." *Id.* at 60.

{¶7} In the instant case, A.T. immediately went to her mother's bedroom to report what Stacy had done. A.T. was crying and upset. She called her stepmother and her boyfriend to tell them what had happened. The police officer testified that when he met A.T. and her stepmother, A.T. appeared as if something had happened to her. Stacy admitted that he might have "accidentally" touched A.T. while he was reaching for her dog. We hold that this evidence was sufficient to meet the corroboration requirement of R.C. 2907.06(B). The first assignment of error is overruled.

### *Sex Offender Notification*

{¶8} Stacy's second assignment of error alleges that the trial court erred in failing to provide the notification required by R.C. 2950.03 of his registration duties as a Tier I sex offender.

{¶9} R.C. 2950.03(A) provides that "[e]ach person who has been convicted of * * * a sexually oriented offense * * * and who has the duty to register * * * shall be provided notice in accordance with this section of the offender's * * * duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code." R.C. 2950.03(A)(2) required that Stacy be provided with that notice "at the time of sentencing."

{¶10} R.C. 2950.03(B)(1) sets forth the specifics of the sex offender registration requirements. R.C. 2950.03(B)(1)(a) provides that the "judge shall require the offender to read and sign a form stating that the offender's duties to register * * * have been explained to the offender," and that "[i]f the offender is unable to read * * * the judge shall certify on the form that the * * * judge specifically

informed the offender of those duties and that the offender indicated an understanding of those duties."

{¶11} R.C. 2950.03(B)(2) specifies that the notice "shall be on a form prescribed by the bureau of criminal identification and investigation and shall contain all of the information specified in division (A) of this section and all of the information required by the bureau."

{¶12} Finally, R.C. 2950.03(B)(3) requires that after the form is signed or certified in accordance with R.C. 2950.03(B)(1)(a), the judge, in this instance, "shall give one copy of the form to the offender * * * shall send one copy of the form to the bureau of criminal identification and investigation * * * shall send one copy of the form to the sheriff of the county in which the offender expects to reside, and shall send one copy of the form to the sheriff of the county in which the offender was convicted or pleaded guilty if the offender has a duty to register pursuant to division (A)(1) of section 2950.04 or 2950.041 of the Revised Code."

{¶13} In the instant case, at sentencing, the court told Stacy,

Also, because this is a—you're considered a sex offender at this point, and that you automatically, as a result of this conviction, are considered to be a Tier I sex offender.

You have a duty upon your release from the Justice Center to register, either in person with the Sheriff of the County of which you establish residency within three days, to register with the Sheriff. This is a registration requirement which will be more explained to you by personnel with either the Clerk's Office or Sheriff's Department.

{¶14} There is nothing in our record that confirms that Stacy was provided the notice required by R.C. 2950.03 on the prescribed form, or that he read or signed any such form. While the court did inform Stacy that he was a Tier I sex offender,

5

and that he would have to register for 15 years and would have to register with the sheriff of his county of residence within three days after his release from jail, it delegated the task of providing Stacy with specific notice about his registration duties to the "Clerk's Office or the Sheriff's Department." The statute requires that the trial court provide the notice. There is some reference in the record to "a document" that would be given to him, but it is not clear that the document referenced is the form required by R.C. 2950.03. There is no signed or unsigned copy of the form in the case file, and the record before us does not demonstrate that Stacy was provided the form required by the statute. While keeping a copy of the signed form in the case file is not required by the statute, the absence of it or any other clear indication on the record constrains us to find a lack of compliance with the statute. The second assignment of error is sustained.

### Conclusion

{¶15} The judgment of the trial court convicting Stacy of sexual imposition is affirmed, but the cause is remanded for the trial court to properly provide notice to Stacy of his sex offender registration requirements pursuant to R.C. 2950.03.

Judgment affirmed and cause remanded.

**HENDON, P.J.**, concurs.
**CUNNINGHAM, J.**, concurs in judgment only.

Please note:
The court has recorded its own entry this date.

6