[Cite as *State v. Lewis*, 2018-Ohio-1380.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO. C-160909
                                                   TRIAL NO. 09CRB-33448
    Plaintiff-Appellant,            :

 vs.                                    :          *O P I N I O N.*

LYN LEWIS,                              :

    Defendant-Appellee.             :


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 13, 2018


*Paula Boggs Muething*, City Solicitor, *Natalia Harris,* City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Carrie Wood*, Assistant Public Defender, for Defendant-Appellee.

**MILLER, Judge.**

{¶1}    What happens when a defendant is properly classified as a Tier I sex offender, but the court affords the defendant imperfect notice of the effects thereof? The trial court has vacated the Tier I classification. We hold this was incorrect. The correct remedy is to afford the proper notice. Accordingly, we reverse the judgment below and remand for the court to provide the statutorily required notice.

{¶2}    On October 13, 2009, defendant-appellee Lyn Lewis pleaded no contest to, was found guilty of, and was sentenced for sexual imposition against a 16-year-old girl. Although Lewis was subject to tier sex-offender classification under the Adam Walsh Act, the trial court set the case for a "sexual predator hearing" on October 29, 2009. At the "hearing," defense counsel stated, "I believe that what's involved here is there is no quote-unquote hearing. The Court makes an adjudication that is the classification and serves the defendant with his papers." The prosecutor agreed. Defense counsel indicated that Lewis had been given a document, had read and signed it, and had "advised" defense counsel that he understood it. The court asked Lewis if he had any question about the document he had signed, and he answered, "No, no." The court entered on its judge's sheet: "Def adjudicated Tier I sexual offender." As a Tier I sex offender, Lewis was required to register annually for 15 years.

{¶3}    The trial court entered in the record the document signed by Lewis. The document, which was apparently an outdated notice form used under former R.C. Chapter 2950 ("Megan's Law"), was captioned "Entry of Classification and Notice of Duties to Register as an Offender of a Sexually Oriented or Child-Victim Oriented Offense." On the form, the blank indicating that Lewis had been convicted of a child-victim oriented offense was checked. In the space on the form provided for

the trial court's findings as to why the offender is not a sexual predator or a child-victim predator, someone had handwritten "Tier I sexual offender." The space before "child-victim predator" was checked. The form also indicated that Lewis was to verify his address annually until death. The record shows that when Lewis reported to the sheriff's office immediately following the hearing, he was provided with the correct notification form indicating that he would have to register annually for 15 years.

{¶4} On September 7, 2016, Lewis filed a motion to vacate as void his sexual-offender classification and registration order. Lewis argued that the classification and notice form entered by the trial court improperly (1) adjudicated him as a "child-victim predator" under Megan's Law, and not as a Tier I sex offender under the Adam Walsh Act, (2) required him to register for life instead of the 15 years required for a Tier I sex offender, and (3) required him to register within five days as required by Megan's Law, and not within three days as required by the Adam Walsh Act. Therefore, Lewis argued, the classification was void because it had been made under Megan's Law and not the Adam Walsh Act, and the trial court had no jurisdiction to correct the classification, because he had finished serving the sentence imposed for the sex offense. The state opposed Lewis's motion, arguing that Lewis had been properly adjudicated as a Tier I sex offender under the Adam Walsh Act, and that the lifetime registration term in the court's notification form was a "clerical error." The state also argued that Lewis had been correctly notified of his registration duties by the sheriff.

{¶5} The trial court held a hearing, at which the state submitted the notification form provided to Lewis by the sheriff, along with the testimony of a sheriff's deputy that Lewis's duty to register was scheduled to end after a 15-year period. Lewis submitted a transcript of the sentencing hearing, the classification-

and-notification form entered by the trial court, the judge's sheet, and the transcript of the "predator hearing."

{¶6}     The trial court granted Lewis's motion to vacate the "void" sex-offender classification.  The court determined that it had erroneously classified Lewis under Megan's Law as a child-victim predator, and that it did not have jurisdiction to "resentence Mr. Lewis to impose a classification and registration duties."  The court found that Lewis had no duty to register and ordered that "the Hamilton County Sheriff and BCI&I shall remove his name and personal information from the sex offender registry."  The state has appealed.

{¶7}     The state's first assignment of error alleges that the trial court erred in vacating a "mandatory Tier I sex offender classification."

{¶8}     Lewis was convicted of sexual imposition in violation of R.C. 2907.06. R.C. 2950.01(E)(1)(a) defines "Tier I sex offender" as "a sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to * * * a violation of section 2907.06 * * *."  The classification is based solely on the sex offense committed and is automatic.  *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 20.

{¶9}     The entry on the municipal court judge's sheet indicated that Lewis was "adjudicated Tier I sexual offender."  A trial court speaks through its journal entries.  *State v. Kirkpatrick*, 1st Dist. Hamilton Nos. C-160880, C-160881 and C-160882, 2017-Ohio-7629, ¶ 16, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29; *State v. Hafford*, 1st Dist. Hamilton No. C-150578, 2016-Ohio-7282, ¶ 10.  Therefore, the trial court's present determination that it had previously incorrectly classified Lewis under Megan's Law was itself erroneous.  We hold that the trial court correctly classified Lewis as Tier I sex offender under the Adam Walsh Act.

{¶10} As a Tier I sex offender, Lewis was required to register with the sheriff and verify his current address annually for 15 years. *See* R.C. 2950.06(B)(1) and 2950.07(B)(3). The registration and verification requirements of the Adam Walsh Act are punitive. *Williams* at ¶ 16. They are part of the penalty imposed for the offense. *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 7 (1st Dist.); *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6. Lewis was notified of his status, albeit incorrectly. But neither the correct 15-year period nor the incorrect lifetime-reporting period had lapsed. Therefore, Lewis was still serving the properly imposed penalty for his sex offense when he filed, and the trial court ruled on, his motion to vacate his sex-offender classification and registration requirements.

{¶11} Pursuant to R.C. 2950.03(A)(2) and 2929.23(B), the trial judge was required to provide Lewis with notice of his registration duties and their duration. Here, according to the notice form entered into the record, the trial court provided Lewis with incorrect notice of his reporting duties. While the sheriff may have practically cured the error by providing Lewis the correct information, this action did not fulfill the court's obligation to do so. Because Lewis was still serving the sex-offender registration portion of his sentence for the sex offense, the trial court could correct the erroneous notification. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382. We are mindful that the incorrect notice Lewis was given stated that his reporting requirement lasted longer than the 15-year reporting requirement to which he was actually subject. Accordingly, we leave for another day the question, not presented here, of the impact of a notice which stated a period that was too short and had run prior to being corrected.

{¶12} We hold that the trial court erred in granting Lewis's motion to vacate his sex-offender classification. Therefore, this cause must be remanded for the trial

court to correctly notify Lewis of his registration and verification requirements as a Tier I sex offender. The first assignment of error is sustained.

{¶13} The state's second assignment of error, alleging that the trial court erred in determining that it had no jurisdiction to "resentence" Lewis "to impose a classification and correct registration duties," and its third assignment of error, alleging that the court erred in ordering "the Hamilton County Sheriff and BCI&I to remove [Lewis's] name from the sex offender registry," are made moot by our disposition of the first assignment of error, and we decline to address them.

{¶14} The judgment of the trial court granting Lewis's motion to vacate his sex-offender classification and registration requirements is reversed, and this cause is remanded for the trial court to correctly notify Lewis of his Tier I registration and verification duties and their duration.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **DETERS, J.,** concur.

Please note:
The court has recorded its own entry this date.