[Cite as *State v. Embry*, 2018-Ohio-2204.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170101 |
| | | TRIAL NO. B-1505808 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ASHLEY EMBRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  June 8, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Matthew S. Schuh*, for Defendant-Appellant.

**MILLER, Judge.**

{¶1} On January 29, 2016, defendant-appellant Ashley Embry was indicted for trafficking in persons, in violation of R.C. 2905.32(A)(2)(a), compelling prostitution, in violation of R.C. 2907.21(A)(1), with the specification that she knowingly compelled prostitution in furtherance of human trafficking, and promoting prostitution, in violation of R.C. 2907.22(A)(1). After defense counsel had requested and been granted various continuances because she was not prepared, the trial court removed Embry's counsel and appointed different counsel. Embry pleaded guilty to attempted trafficking in persons on January 30, 2017, and the other charges were dismissed.

{¶2} Embry was sentenced to eight years' imprisonment and ordered to pay a $15,000 fine, public defender fees, and court costs. The sentencing entry states that Embry is a Tier II sex offender.

{¶3} At the sentencing hearing, the trial court addressed Embry regarding her sex-offender classification, stating,

> It's a felony of the second degree. I find you to be a tier two sex offender. You're ordered to register as a sex offender. And what you have to do is, for a period of 25 years, you must register in person every 180 days where you are residing and you must register with the— whatever local agency you are living in. So you are—you're not willing to sign this, is that correct, ma'am.

{¶4} Embry answered, "Correct."

{¶5} The court continued,

2

So you must register every 25 years in person—for 25 years in person every 180 days. Did I say shall have five years of post-release control. And credit for 410 days. You are not willing to sign this?

{¶6} After Embry answered, "No," the trial court said, "Okay. Then I have to give you a copy even if you're not going to sign it. * * * Let the record reflect that this form is being handed to her attorney, who is handing it—put it in her pocket."

{¶7} The notice form that Embry refused to sign was docketed on March 1, 2017. The portion of the form that indicates whether the offender is a sex offender or a child-victim offender is blank. The boxes on the form that indicate the offender's tier classification are blank. Likewise, the boxes on the form that indicate the duration and frequency of the offender's registration duties are blank. Without the appropriate boxes being checked, there is nothing on the form to notify Embry of her tier classification or the corresponding registration and verification requirements.

{¶8} Embry has appealed. Embry's first assignment of error alleges that the trial court erred in "failing to notify [Embry] of her duty to register as a sex offender by failing to adhere to the notice requirements as set forth in [R.C.] 2950.03(B)(1)."

{¶9} The sentencing entry correctly classifies Embry as a Tier II sex offender. *See State v. Lewis*, 1st Dist. Hamilton No. C-160909, 2018-Ohio-1380. As a Tier II sex offender, upon her release from prison, Embry was required to register with the sheriff and verify her address every 180 days for 25 years. *See* R.C. 2950.06(B)(2) and 2950.07(B)(2). Under R.C. 2950.03(A), "[e]ach person who has been convicted of * * * a sexually oriented offense * * * and who has the duty to register * * * shall be provided notice in accordance with this section of the offender's * * * duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code." Pursuant to R.C. 2950.03(A)(2) and 2929.23(B), the trial judge was required to provide Embry with notice of her registration duties and their duration.

3

*See Lewis* at ¶ 11. R.C. 2950.03(A) required that Embry be provided with that notice "at the time of sentencing." *See State v. Stacy*, 1st Dist. Hamilton No. C-150730, 2016-Ohio-7977, ¶ 9.

{¶10} The specifics of the sex offender registration notice requirements are set forth in R.C. 2950.03(B)(1), which states,

> The notice provided under division (A) of this section shall inform the offender * * * of the offender's * * * duty to register, to provide notice of a change in the offender's * * * residence address or in the offender's school, institution of higher education, or place of employment address, as applicable, and register the new address, to periodically verify the offender's * * * residence address or the offender's school, institution of higher education, or place of employment address, as applicable, and, if applicable, to provide notice of the offender's * * * intent to reside, pursuant to sections 2950.04, 2950.041, 2905.05, and 2950.06 of the Revised Code. The notice shall specify that, for an offender, it applies regarding residence addresses or school, institution of higher education, and places of employment addresses * * *. Additionally, it shall inform the offender of the offender's duties to similarly register, provide notice of a change in, and verify those addresses in states other than this state as described in division (A) of this section.

{¶11} R.C. 2950.03(B)(1)(a) provides that the "judge shall require the offender to read and sign a form stating that the offender's duties to register * * * have been explained to the offender," and that "[i]f the offender is unable to read, the * * * judge shall certify on the form that the * * * judge specifically informed the offender of those duties and that the offender indicated an understanding of those

duties." The notice "shall be on a form prescribed by the bureau of criminal identification and investigation and shall contain all of the information specified in division (A) of this section and all of the information required by the bureau." R.C. 2950.03(B)(2). R.C. 2950.03(B)(3) requires that after the form is signed or certified in accordance with R.C. 2950.03(B)(1)(a), the judge

> shall give one copy of the form to the offender, * * * [and] shall send one copy of the form to the bureau of criminal identification and investigation[,] * * * the sheriff of the county in which the offender expects to reside, and * * * the sheriff of the county in which the offender was convicted or pleaded guilty if the offender has a duty to register pursuant to division (A)(1) of section 2950.04 or 2950.041 of the Revised Code.

{¶12} At sentencing, the trial court classified Embry as a Tier II sex offender and informed her that she was required to register every 180 days for 25 years with "whatever local agency you are living in." The sentencing entry correctly states that Embry is a Tier II sex offender. But the court did not inform Embry that she had to register with the sheriff, and the court did not orally provide any of the notifications required under R.C. 2950.03(B). The record shows that the court did provide a notice form to Embry, which she refused to sign, but the form did not indicate whether Embry was a sex offender or a child-victim offender, her tier classification, or the duration or frequency of her registration duties, because all of those areas of the form had been left blank. In handing Embry such a form, the trial court complied with neither the letter nor the spirit of the notice requirements.

{¶13} We hold that the trial court did not provide Embry the notice required by R.C. 2950.03. Therefore, this cause must be remanded for the trial court to correctly notify Embry of her Tier II registration and verification duties and their

duration. *See Lewis*, 1st Dist. Hamilton No. C-160909, 2018-Ohio-1380, at ¶ 12; *Stacy*, 1st Dist. Hamilton No. C-150730, 2016-Ohio-7977, at ¶ 14-15. The first assignment of error is sustained.

{¶14} Embry's second assignment of error alleges that she was denied the effective assistance of counsel. Embry argues that trial counsel was ineffective in failing to make a presentence motion to withdraw her guilty plea. Embry essentially argues that she had actually wanted to go to trial instead of pleading guilty, and that the trial court removed her first counsel without her consent and appointed second counsel, who negotiated the plea agreement with the state against Embry's true wishes.

{¶15} To establish ineffective assistance of counsel, Embry must show that her counsel's performance was deficient and that the deficient performance prejudiced her. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To demonstrate prejudice, Embry must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Our review of counsel's performance must be "highly deferential." *Id.* at 689. Because there are many ways to provide effective assistance of counsel, there is a strong presumption that an attorney's representation fell within the "wide range of reasonable professional assistance." *Id.*; *see Bradley* at 142.

{¶16} The record reveals that the trial court removed Embry's first counsel, because counsel had repeatedly requested continuances on the basis that she was not prepared to go to trial. As the court noted, counsel had "not been prepared" and "continues to be unprepared. * * * Has not given me a reason why she's not prepared,

6

how much time she needs to get ready. * * * This is the fourth time she's not been ready for trial. And I'm concerned about her ability to see this case through." The court removed Embry's first counsel and appointed second counsel, who negotiated the plea Embry entered.

{¶17} Embry initially had been charged with first-, second-, and third-degree felonies. Pursuant to the plea agreement, Embry pleaded guilty to one second-degree felony, and all other charges and specifications were dismissed. In pleading guilty, Embry agreed on the record that the statement of facts, which indicated that Embry "did knowingly attempt to recruit, harbor, maintain [the victim] who was a developmentally disabled person, to engage in sexual activity for hire," was true and accurate. Before accepting Embry's plea, the trial court asked whether Embry's attorney had "explained everything" to her and "answered all [her] questions." Embry answered, "Yes." The court then asked Embry if she was satisfied with her attorney, and she answered, "Yes, ma'am."

{¶18} Embry's second counsel negotiated a favorable plea bargain for her in the face of very bad facts. The record shows that counsel at all times acted competently and professionally. This appears to be a case of buyer's remorse and not an instance where counsel proceeded against the client's wishes. While Embry may ultimately be unhappy that she has to go to prison, she has not shown that counsel was ineffective. The second assignment of error is overruled.

{¶19} The judgment of the trial court convicting Embry of attempted trafficking in persons and classifying her as a Tier II sex offender is affirmed, and this cause is remanded for the trial court to correctly notify Embry of her Tier II registration and verification duties and their duration.

Judgment affirmed and cause remanded.

7

**MOCK, P.J.,** concurs.
**MYERS, J.,** concurs separately.

**MYERS, J.,** concurring separately.

{¶20}   I concur, but write separately to make clear that the only error that I would find is the error of the trial court in not checking the appropriate boxes on the preprinted notification form.  The sentencing entry correctly stated the tier, and the trial court correctly orally notified Embry of the duration of her duties and their frequency.  The form contained all the statutory notification requirements.  What was missing was a check in the box to correspond to what the trial court had orally notified Embry of.  I agree that a remand is necessary for the trial court to properly serve Embry with the required written notification.

Please note:
    The court has recorded its own entry this date.