[Cite as *In re T.R.*, 2020-Ohio-4445.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: T.R., a minor child. | : | APPEAL NOS. C-190165 |
| | | C-190166 |
| | : | C-190167 |
| | | C-190168 |
| | : | C-190169 |
| | | C-190170 |
| | : | C-190171 |
| | | C-190172 |
| | : | TRIAL NOS. 18-363X |
| | | 18-364X |
| | : | 18-365X |
| | | 18-366X |
| | : | |
| | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 16, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Defendant-Appellant T.R.

**BERGERON, Judge.**

{¶1} The juvenile court here imposed a sexual classification on the defendant without his presence. Because classification constitutes part of the sentence under the Adam Walsh Act, we find reversible error on that argument in the juvenile's appeal. As explained more fully below, after navigating some procedurally choppy waters, we reverse the juvenile court's judgment classifying T.R. as a Tier II juvenile-offender registrant and we remand this case for classification in T.R.'s presence.

I.

{¶2} Four complaints filed in the Hamilton County Juvenile Court in January 2018 (cases numbered 18-363X through 18-366X) alleged that appellant T.R., then 14 years old, committed acts which, if committed by an adult, would have constituted four counts of rape of a child under the age of 13. After a trial, the magistrate adjudicated T.R. delinquent of all counts, which the juvenile court later adopted. Through a series of continuances, however, disposition and sexual-offender classification on the cases did not occur until months later (creating issues that we elaborate upon below).

{¶3} At the dispositional hearing, T.R. was committed to the Department of Youth Services ("DYS") until age 21. The court suspended the commitment, however, ordering T.R. instead to complete a residential treatment program at Abraxas. Although the state requested that T.R. be classified as a Tier II juvenile-offender registrant at that time, the magistrate declined to so classify him, concluding that "[a]fter full consideration of arguments from the State and Defense, the statutory factors set out in [R.C.] 2152.83, 2950.11(K), and 2929.12(B) and (C), the court declines to have [T.R.] register as a sex offender." Dissatisfied with this result, the state objected, protesting the magistrate's decision not to classify T.R. In

2

the wake of this objection, the juvenile court entered an order only in the case numbered 18-366X, adopting the magistrate's earlier decision. The same day, however, the court also journalized entries in all four cases—including the case numbered 18-366X—continuing the state's objections for "completion of transcripts and oral argument."

{¶4} After a later hearing with oral arguments, the juvenile court eventually issued a written decision in October 2018, modifying the magistrate's decision and classifying T.R. as a Tier II juvenile-offender registrant. T.R. was not present, however, when the court entered its decision, nor did the court notify him at the time of his registration requirements. Moreover, as best we can tell from the record, the court did not contemporaneously serve T.R. with its decision.

{¶5} Released from Abraxas in December 2018 and placed on electronic monitoring, T.R. learned that he was still under the prior orders of probation. The day of his release, the juvenile court also entered an order referring the matter to a different magistrate "for a review hearing" in early January 2019. When the parties appeared on the designated date, however, confusion reigned as to the purpose of the hearing, which resulted in a continuance and appointment of counsel for T.R. (T.R.'s prior counsel had withdrawn at some point, yielding yet more confusion in our procedural journey.) At the next hearing and over T.R.'s objection, the magistrate entered a decision notifying T.R. of his registration duties. Belatedly made aware of the court's October 2018 order, T.R.'s counsel promptly objected to the magistrate's decision, effectively seeking to challenge the juvenile court's decision to classify T.R.

{¶6} After entertaining arguments on the matter, on January 31, 2019, the juvenile court entered an order specifically explaining that, as of that date, T.R. and his mother had been served with a copy of the court's earlier decision classifying T.R. as a Tier II juvenile-offender registrant. Finally, in February 2019, the court issued

3

its decision overruling T.R.'s objections and adopting the magistrate's earlier decision notifying T.R. of his registration requirements. The court upheld T.R.'s classification as a Tier II juvenile-offender registrant. T.R. then filed notices of appeal in each of the four cases from both the January and February orders. He presents six assignments of error, which we address out of order for analytical ease.

II.

A.

{¶7} T.R.'s first assignment of error alleges that the trial court erred in classifying him as a Tier II juvenile-offender registrant where the court had "already adopted an order declining to classify T.R." T.R. argues that the trial court's order from June 2018, which was docketed only in the case numbered 18-366X and which adopted the magistrate's decision declining to classify T.R., constituted a final order that the court had no authority to revisit. While we agree with this point, it ultimately does not dictate the same result with respect to the other three cases.

{¶8} "[W]here a juvenile court has filed an entry adjudicating a juvenile delinquent and imposing a disposition on the juvenile, the court has issued a final appealable order." *In re T.M.*, 12th Dist. Fayette No. CA2015-07-017, 2016-Ohio-162, ¶ 18. The record indicates that, after the state filed objections to the magistrate's decision, the juvenile court issued an order in the case numbered 18-366X adopting the magistrate's decision declining to classify T.R. Although this constituted a final appealable order, no one perfected an appeal from it, thereby precluding the juvenile court from reconsidering its final order in that case (absent appropriate grounds for relief from judgment, none of which are argued here). Therefore, the court lacked authority to classify T.R. in the case numbered 18-366X, and we sustain the assignment of error as it relates to that case.

4

{¶9} However, the order in the case numbered 18-366X does not impact the other three cases because no similar order appears in those cases. Therefore, to the extent that T.R. seeks to avail himself of a benefit in the earlier three cases, we overrule the first assignment of error in that respect. Given our disposition, for the balance of our opinion, we limit our analysis to the remaining three cases (18-363X, 18-364X, and 18-365X).

B.

{¶10} We next address T.R.'s fourth assignment of error, which challenges the juvenile court's violation of his due process rights as guaranteed by the Ohio and United States Constitutions by imposing a classification outside of his presence. The Ohio Supreme Court instructs that tier classification of juveniles under the Adam Walsh Act is punitive. *In re C.P.,* 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 11 ("[T]he enhanced sex-offender reporting and notification requirements contained in" Ohio's version of the Adam Walsh Act "are punitive in nature."). As a result, T.R. was entitled to be present at the imposition of his classification and for any modification to the dispositional order. *See In re A.T.,* 6th Dist. Ottawa Nos. OT-12-023 and OT-12-030, 2014-Ohio-1761, ¶ 63-64 (variance between sentence announced in open court and sentence imposed in judgment entry "violates defendant's right to be present at sentencing," and "[t]his analysis has been applied to juvenile court judgments in delinquency proceedings"), citing *In re R.W.,* 8th Dist. Cuyahoga No. 80631, 2003-Ohio-401, ¶ 25-27, and *In re DeCosta*, 9th Dist. Lorain No. 01CA007877, 2002-Ohio-946, *2. *See also State v. Santiago*, 8th Dist. Cuyahoga No. 101640, 2015-Ohio-1824, ¶ 19 ("A defendant is entitled to know his sentence at the sentencing hearing."); *State v. Goines*, 8th Dist. Cuyahoga No. 105436, 2017-Ohio-8172, ¶ 45 (same).

5

{¶11} When the juvenile court issued its decision classifying T.R. as a Tier II juvenile-offender registrant in the cases numbered 18-363X, 18-364X and 18-365X outside of T.R.'s presence, it violated his right to be present at the imposition of the punitive tier classification. *Id.* Therefore, we reverse the decision of the juvenile court imposing the Tier II classification in those cases, and we remand this matter for classification in T.R.'s presence. *Id.* The fourth assignment of error is sustained.[1]

C.

{¶12} Our resolution of the fourth assignment of error and resulting remand essentially answers T.R.'s grievance in his third assignment of error challenging the juvenile court's failure to follow the mandatory requirements of R.C. 2152.83 and 2152.831. Specifically, T.R. contends that because the juvenile court did not properly notify him of its decision classifying him as a Tier II juvenile-offender registrant or his duty to register until January 2019, his classification is void.

{¶13} To the extent that T.R.'s arguments under his third assignment of error can be construed to assert that the juvenile court erred in classifying him in his absence, we agree, and (as explained above) remand for proper classification in T.R.'s presence. We also agree that the juvenile court failed to follow the mandatory notification requirements of R.C. 2152.83 and 2152.831 here—in part because T.R. was not present at his classification to be notified. But failure to properly notify the defendant of his registration duties does not render the classification void, as T.R. believes. *See State v. Lewis*, 2018-Ohio-1380, 110 N.E.3d 919, ¶ 1 (1st Dist.) (holding that when a defendant receives improper notice of registration duties, "the correct remedy is to afford the proper notice," not to vacate the classification); *State v.*

---

[1] We note that the state argues under the fourth and fifth assignments of error that T.R. did not timely appeal from the juvenile court's classification decision. But the record reveals that T.R. filed timely appeals once he actually received service and notice of the court's decision.

*Embry*, 1st Dist. Hamilton No. C-170101, 2018-Ohio-2204, ¶ 13 (remanding to properly notify defendant of registration duties, rather than vacating classification); *State v. Stacy*, 1st Dist. Hamilton No. C-150730, 2016-Ohio-7977, ¶ 15 (same). Instead, the appropriate remedy for deficient notice of registration duties is to remand for proper notification. *Lewis* at ¶ 1, 12; *Embry* at ¶ 13; *Stacy* at ¶ 1, 15. We have already held—under T.R.'s fourth assignment of error—that he is entitled to remand for proper classification in his presence. On remand, if the juvenile court imposes a classification upon him, it should likewise provide the requisite statutory notice.

{¶14} We accordingly sustain the third assignment of error insofar as T.R. challenges the juvenile court's failure to provide appropriate notice, but overrule it in all other respects. For instance, T.R.'s argument seems to sweep more broadly, as he also claims that the juvenile court classified him without holding a hearing. But T.R. attended an evidentiary hearing before the magistrate on this very issue. After objections, the juvenile court held a hearing (admittedly, not an evidentiary hearing) on the state's objections and the record reflects that the juvenile court undertook an independent review of the magistrate's decision as required by Juv.R. 40. Given that T.R. received an evidentiary hearing before the magistrate, we see no error in this aspect of his third assignment of error.

D.

{¶15} Turning back to his second assignment of error, T.R. presents a jurisdictional challenge, positing that the juvenile court erred in imposing a Tier II classification because it lacked jurisdiction under R.C. 2152.83. Although we are remanding to the juvenile court, we nevertheless resolve this assignment of error in the interests of judicial economy.

7

{¶16} As a foundation for this argument, T.R. maintains that the juvenile court's failure to classify him at disposition or upon his release from Abraxas (a secured facility, *see In re A.S.*, 1st Dist. Hamilton Nos. C-180045 and C-180046, 2019-Ohio-2558, ¶ 31-39) represents a disavowal of the timing mandates of R.C. 2152.83 in imposing a classification, which, in turn, strips the court of jurisdiction to classify him. Although the court's October 2018 entry indicates an intent to impose the classification, T.R. reasons that it did not actually do so until February 2019. Clinging to this February date, T.R. insists that he received notification of his registration duties for the first time then, which occurred after his release from Abraxas and well after his disposition hearing.

{¶17} Because T.R. was 14 at the time of his offenses, the juvenile court had discretion whether to classify him as a juvenile sex-offender registrant. *See* R.C. 2152.83(B)(3). To be sure, the juvenile court needed to hold the classification hearing at the time of disposition or at the time of T.R.'s release from Abraxas. *See* R.C. 2152.83(B)(1); *In re I.A.*, 140 Ohio St.3d 203, 2014-Ohio-3155, 16 N.E.3d 653, ¶ 13-14 (the juvenile court could properly hold a hearing regarding classification at the time of disposition or at the time of the juvenile's release from a secure facility). A survey of the record in the present case reveals that the magistrate elected to hold T.R.'s classification hearing at disposition and declined to classify T.R. But a magistrate's decision is not effective until ruled upon by the juvenile court. Juv.R. 40(D)(4); *see In re N.D.*, 1st Dist. Hamilton No. C-160206, 2016-Ohio-7620, ¶ 10 ("Pursuant to Juv.R. 40(D)(4)(d), if objections to a magistrate's decision are timely filed, the court *shall* rule on those objections."); *see also In re G.S.*, 4th Dist. Pike Co. No. 14CA852, 2015-Ohio-1285, ¶ 20 (where the trial court never adopted magistrate's delinquency adjudication, that adjudication never became effective and the trial court's subsequent dispositional order was void). The juvenile court in this

case made a decision to continue T.R.'s dispositional hearing for oral argument, and in the meantime took no action adopting, modifying, or rejecting the magistrate's decision (with respect to the three remaining cases at hand). Accordingly, the juvenile court retained jurisdiction to modify the magistrate's decision in October 2018, when it classified T.R. as a Tier II juvenile-offender registrant. To hold otherwise would be to preclude the juvenile court from proceeding (on these facts) while simultaneously precluding the magistrate's decision from being effective—creating a limbo state that would imperil virtually any classification decision.

{¶18} T.R. presents an alternative argument that even if the juvenile court could have imposed this classification on review of the magistrate's initial decision, it waited too long, neglecting to notify him of his registration duties until February 2019. But, as explained above, this court has held that failure to properly notify the defendant of his registration duties does not affect the validity of the classification. *Lewis*, 2018-Ohio-1380, 110 N.E.3d 919, at ¶ 1, 12; *Embry*, 1st Dist. Hamilton No. C-170101, 2018-Ohio-2204, at ¶ 13; *Stacy*, 1st Dist. Hamilton No. C-150730, 2016-Ohio-7977, at ¶ 1, 15. Therefore, we see no jurisdictional flaw in the trial court's decision classifying T.R. as a Tier II juvenile-offender registrant and overrule the second assignment of error.

E.

{¶19} Finally, T.R.'s fifth assignment of error presents a double jeopardy claim challenging the juvenile court's imposition of the Tier II classification, which we also address to avoid unnecessary complications on remand. T.R. contends that he had an expectation of finality as to his disposition by the magistrate, which did not classify him as a tier offender. A magistrate's decision, however, is not effective unless it is adopted by the juvenile court, and the juvenile court enjoys the right to adopt, reject, or modify the magistrate's decision. Juv.R. 40(D)(4)(a-b). In this case,

the state filed objections to the magistrate's decision, consistent with its rights under the juvenile rules. The juvenile court convened a hearing on those objections and ultimately reached a contrary result. Because T.R. had no expectation of finality in the magistrate's decision declining to classify him, the juvenile court certainly did not trespass on the Double Jeopardy clause in entertaining the state's objections.[2] The fifth assignment of error is overruled.

{¶20} Our dispositions above render the sixth assignment of error (attacking the merits of the juvenile court's classification decision) moot. The judgment of the juvenile court classifying T.R. as a Tier II juvenile-offender registrant in the case numbered 18-366X is accordingly reversed, and T.R. may not be classified in that case. The judgments of the juvenile court classifying T.R. as a juvenile-offender registrant in the cases numbered 18-363X, 18-364X and 18-365X are reversed, and this cause is remanded for classification in T.R.'s presence in those cases. We sustain the fourth assignment of error, sustain in part the first and third assignments, overrule the second and fifth assignments, and find the sixth assignment moot based on our disposition.

Judgment accordingly.

**MOCK, P.J.**, and **WINKLER, J.**, concur.

Please note:

The court has recorded its own entry this date.

---

[2] T.R.'s argument about the double jeopardy implications arising from the case numbered 18-366X is answered by our resolution of the first assignment of error.