[Cite as *State v. Goines*, 2017-Ohio-8172.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 105436

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## ROBERT S. GOINES

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART,
## AND REMANDED FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607613-A

**BEFORE:** Celebrezze, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 12, 2017

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
400 Terminal Tower
50 Public Square
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Frank Romeo Zeleznikar
        Kevin E. Bringman
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Robert Goines ("appellant"), brings this appeal challenging his guilty plea and the trial court's sentence for three counts of drug possession. Specifically, appellant argues that the trial court failed to explain and confirm that he understood the rights he was waiving by pleading guilty, erred by revoking his community control sanctions, erred by failing to advise him of postrelease control at sentencing, and that the trial court's sentencing journal entry does not conform to the sentence imposed in open court during the sentencing hearing. After a thorough review of the record and law, this court affirms in part, reverses in part, and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

**{¶2}** In Cuyahoga C.P. No. CR-16-607613-A, the Cuyahoga County Grand Jury returned a six-count indictment charging appellant with: (1) drug trafficking, a third-degree felony in violation of R.C. 2925.03(A)(2), with a schoolyard specification; (2) drug possession, a fifth-degree felony in violation of R.C. 2925.11(A); (3) drug trafficking, a fourth-degree felony in violation of R.C. 2925.03(A)(2), with a schoolyard specification; (4) drug possession, a fifth-degree felony in violation of R.C. 2925.11(A); (5) drug trafficking, a fourth-degree felony in violation of R.C. 2925.03(A)(2), with a schoolyard specification; and (6) drug possession, a minor misdemeanor in violation of R.C. 2925.11(A). Appellant was arraigned on August 10, 2016. He pled not guilty to the indictment.

**{¶3}** The parties reached a plea agreement. On December 1, 2016, appellant pled guilty to Counts 2, 4, and 6 as charged in the indictment. The remaining counts and specifications were nolled. The trial court ordered a presentence investigation report and set the matter for sentencing.

**{¶4}** The trial court held a sentencing hearing on January 10, 2017. The trial court sentenced appellant to two years in prison.

**{¶5}** On February 9, 2017, appellant filed the instant appeal challenging his convictions and the trial court's sentence. Appellant assigns four errors for review:

> I. The trial court erred when it did not have a full plea colloquy with [appellant], pausing to make sure that [appellant] understood the important rights he was waiving by pleading guilty.
>
> II. The trial court erred, violated Crim.R. 32.3, and violated [appellant's] due process rights, when it revoked [appellant's] community control sanctions without written notice, a hearing, and without counsel being present.
>
> III. The trial court erred when it's sentencing journal entry did not conform to the transcript of proceedings.
>
> IV. The trial court erred when it did not advise [appellant] of the possibility of post-release control at sentencing.

## II. Law and Analysis

### A. Guilty Plea

**{¶6}** In his first assignment of error, appellant argues that the trial court failed to explain the rights that he was waiving by pleading guilty and failed to determine whether appellant understood these rights. Appellant does not, however, allege that his guilty plea was not knowingly, intelligently, and voluntarily entered.

**{¶7}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A trial court must strictly comply with the Crim.R. 11(C) provisions concerning constitutional rights. Under the strict compliance standard, the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands these rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

**{¶8}** Substantial compliance with Crim.R. 11(C) is sufficient when waiving nonconstitutional rights. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Substantial compliance means that under the totality of the circumstances, the defendant understands the implications of his plea and the rights he is waiving. *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

**{¶9}** In the instant matter, appellant argues that the trial court's plea colloquy was merely a "recitation of [his] rights" rather than a full and thorough colloquy or "give and take" exchange between the court and appellant. Appellant further asserts that the trial court did not engage in any meaningful dialogue with him and failed to stop and ensure that appellant understood the rights he was waiving.

**{¶10}** In support of his arguments, appellant cites *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for the proposition that a guilty plea must not

be enforced if the trial court failed to engage in any meaningful dialogue with the defendant during which the court explained the applicable constitutional rights. Furthermore, appellant directs this court to *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981).

{¶11} In *Ballard*, the Ohio Supreme Court explained, "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty. We strongly recommend such procedure to our trial courts." *Id*. at 479. However, the court stated that a trial court's failure to apply this procedure "will not necessarily invalidate a plea." *Id*.

{¶12} After reviewing the record, we find that the trial court fully complied with Crim.R. 11 in ensuring that appellant's plea was knowingly, intelligently, and voluntarily entered. During the change of plea hearing, the trial court confirmed that appellant was not under the influence of any alcohol, drugs, or medication that would affect his ability to understand the proceedings. The trial court thoroughly reviewed the constitutional rights that appellant was waiving and made sure that he understood that he was waiving these rights by pleading guilty. The trial court reviewed the nature of the charges with appellant, as well as the maximum penalty involved with each charge.

{¶13} After reviewing the constitutional rights that appellant was waiving, the nature of the charges, and the maximum penalties for each charge, the trial court confirmed that appellant understood the court's advisements. Furthermore, the trial

court asked if appellant had any questions. Appellant indicated that he understood the court's advisements and that he did not have any questions.

{¶14} To the extent that appellant suggests that the trial court should have stopped to confirm that appellant understood each of the individual constitutional rights he was waiving by pleading guilty, or confirmed that appellant understood the constitutional rights he was waiving before proceeding to review the nature of the charges and the maximum penalties, the trial court was under no obligation to do so. The record reflects that under the totality of the circumstances, appellant understood both the constitutional and nonconstitutional rights that he was waiving by pleading guilty.

{¶15} Accordingly, appellant's first assignment of error is overruled.

### B. Community Control Revocation

{¶16} In his second assignment of error, appellant argues that the trial court violated Crim.R. 32.3 and his due process rights by revoking his community control sanctions. We disagree.

{¶17} During the sentencing hearing, the trial court and appellant engaged in a lengthy colloquy regarding appellant's history of substance abuse, participation in drug treatment programs, and 12-step meeting attendance. The trial court inquired whether appellant would be able to pass a drug test, and appellant indicated that he would be able to do so. (Tr. 21-22.)

{¶18} The trial court imposed the following sentence for the fifth-degree felony drug possession counts: "he's sentenced to a year and a year consecutive. That's two

years.   * * * I will suspend the sentence, put him on five years probation."   (Tr. 23-24.)

The trial court explained that the suspension of the sentence was conditioned upon the results of appellant's drug test:   "You're going across the street to drop a urine and if you are positive for anything other than marijuana, you're going to prison for as long as I can put you there, that's two years."   (Tr. 25.)   The trial court confirmed that the results of appellant's drug test would determine "whether [he is] going to the penitentiary today or whether [he is] going to be on probation[.]"   (Tr. 28.)

{¶19} Appellant's second assignment of error is premised on the assumption that the trial court's imposition of a five-year term of community control sanctions was a final order of sentence.   It is undisputed that the trial court discussed and orally imposed community control sanctions during the sentencing hearing.   After reviewing the record, however, it is evident that the community control sentence was not a final judgment because it was not journalized.

{¶20} In *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, the Ohio Supreme Court explained:

> A criminal sentence is final upon issuance of a final order.   *See, e.g., State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337, 1997-Ohio-340, 686 N.E.2d 267 (a trial court had authority to vacate a finding of guilt and imposition of sentence and order the defendant to face trial on a more serious charge because the judgment had never been journalized by the clerk pursuant to Crim.R. 32); *see also State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, as modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at syllabus (a judgment of conviction is final when the order sets forth (1) the fact of the conviction; "(2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court").

*Id.* at ¶ 11.  *Accord State v. Houston*, 8th Dist. Cuyahoga Nos. 103252 and 103254, 2016-Ohio-3319, ¶ 8.

**{¶21}** The trial court's January 12, 2017 sentencing journal entry reflects the two-year prison term, rather than the suspended prison sentence and five years of community control sanctions.  Accordingly, contrary to appellant's assertion, the trial court could not have revoked his community control sanctions because the community control sentence was not a final judgment.

**{¶22}** In *Houston*, this court explained that a trial court may amend or increase an orally pronounced sentence that has not been journalized "where there has been some new information introduced that alters the trial court's calculus in arriving at an appropriate sentence."  *Id.* at ¶ 11.  In *State v. Lee*, 8th Dist. Cuyahoga No. 104190, 2016-Ohio-8317, this court held that the trial court had authority to modify an orally pronounced sentence that had not been journalized based on statements made by the defendant-appellant after the court announced its sentence.  *Id.* at ¶ 25.

**{¶23}** In the instant matter, the trial court amended the orally pronounced community control sentence after receiving new information — presumably, the results of appellant's drug test — that altered the court's determination of an appropriate sentence. Because the orally pronounced community control sentence had not been journalized, and thus was not a final judgment, the trial court had authority to modify appellant's sentence.

**{¶24}** Based on the foregoing analysis, appellant's second assignment of error is

overruled.

## C. Trial Court's Sentence

**{¶25}** Appellant's third and fourth assignments of error pertain to the sentence imposed by the trial court.

## 1. Sentencing Journal Entry

**{¶26}** In his third assignment of error, appellant argues that the trial court's sentencing journal entry does not conform to the sentence imposed in open court. Appellant identifies three alleged inconsistencies between the sentence imposed in open court and the sentencing journal entry.

**{¶27}** First, appellant argues that the trial court's sentencing entry does not reflect that the trial court suspended the two-year prison sentence and imposed five years of community control sanctions. As noted above, the trial court explicitly conditioned the suspension of the prison sentence and community control sanctions on the results of appellant's drug test, explaining, "if you are positive for anything other than marijuana, you're going to prison for as long as I can put you there, that's two years." (Tr. 25.)

**{¶28}** Our record does not contain the results of appellant's drug test, and the trial court did not reconvene the sentencing hearing after the test was completed to discuss the results. *See State v. Delong*, 3d Dist. Hardin No. 6-04-08, 2004-Ohio-6046, ¶ 5-6 (the trial court stood in recess during the sentencing hearing while the defendant completed a urine screen; after the screening was completed, the trial court reconvened the sentencing hearing, discussed the results of the test, and imposed a prison sentence.). Nevertheless,

we find no merit to appellant's first alleged inconsistency between the sentence imposed in open court and the sentence reflected in the sentencing journal entry.

{¶29} The trial court's sentencing journal entry reflects the two-year prison sentence that the court suspended during the sentencing hearing, not the five-year community control sanctions the court orally imposed. Because the trial court's imposition of community control sanctions was conditional, and not a final judgment of sentence, the sentence imposed in open court is not necessarily inconsistent with the sentence imposed in the sentencing journal entry. Rather, the journalized two-year prison sentence indicates that the condition — appellant testing negative for all substances or only positive for marijuana — was not satisfied.

{¶30} Appellant suggests that the trial court should have held a hearing to discuss the results of the drug test, indicate what drug or drugs appellant tested positive for, and to determine whether there was "any reasonable explanation for the positive test other than criminal behavior[.]" Appellant's brief at 16. The trial court did not do so, and our record does not contain any information about the test or the test results. Accordingly, we must presume regularity. "App.R. 9 places the responsibility for filing the record with the appellant and, in the absence of documents demonstrating the error complained of, we must presume regularity in the proceedings." *Brandimarte v. Packard*, 8th Dist. Cuyahoga No. 67872, 1995 Ohio App. LEXIS 2095, 3 (May 18, 1995), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980), and *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987).

**{¶31}** Appellant does not appear to challenge the results of the drug test in the instant appeal.   In the event that he wishes to do so, the proper vehicle for raising issues pertaining to the drug test is through a petition for postconviction relief because the evidence supporting these issues is outside the record before this court.   *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 53, citing *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975).

**{¶32}** Second, appellant argues that the trial court failed to impose postrelease control during the sentencing hearing, but imposed postrelease control in its sentencing journal entry.   We will address this alleged inconsistency below in our analysis of appellant's fourth assignment of error.

**{¶33}** Third, appellant asserts that the trial court ordered him to pay court costs during the sentencing hearing, but waived costs in its sentencing journal entry.   The state concedes the third alleged inconsistency.

**{¶34}** Our review of the sentencing transcript shows that the trial court ordered appellant to pay court costs:   "you're going to pay your court costs."   (Tr. 25.)   The sentencing entry, however, reflects that the trial court waived costs and also includes an order of court costs.   The trial court's sentencing entry provides, in relevant part, "defendant found to be indigent.   All fees waived.   Costs waived[,] fine(s) waived. The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution."

**{¶35}** "Although a court speaks through its journal entries, clerical errors may be

corrected at any time in order to conform to the transcript of the proceedings." *State v. Lugo*, 8th Dist. Cuyahoga No. 103893, 2016-Ohio-2647, ¶ 3, citing *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47; Crim.R. 36. Trial courts retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *In re D.P.*, 8th Dist. Cuyahoga No. 100597, 2014-Ohio-3324, ¶ 10, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

{¶36} In the instant matter, because the sentencing entry is inconsistent with the trial court's imposition of court costs in open court, the sentencing entry should be corrected through a nunc pro tunc entry to accurately reflect the court's decision at the sentencing hearing. *See State v. Wilson*, 8th Dist. Cuyahoga No. 102189, 2016-Ohio-379.

{¶37} Based on the foregoing analysis, appellant's third assignment of error is sustained in part and overruled in part.

**2. Imposition of Postrelease Control**

{¶38} In his fourth assignment of error, appellant argues that the trial court erred by imposing postrelease control in its sentencing journal entry because the court failed to advise him of postrelease control during the sentencing hearing. The state concedes this assigned error.

{¶39} A trial court is required to provide "statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the

defendant of the details of postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. The trial court's postrelease control notification must also be incorporated into the sentencing entry "to reflect the notification that was given at the sentencing hearing." *Id*. at ¶ 19; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus.

**{¶40}** When a trial court errs in imposing postrelease control at sentencing, "that part of the sentence that is void and must be set aside." (Emphasis omitted.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. "[O]nly the offending portion of the sentence is subject to review and correction." *Id*. at ¶ 27. Accordingly, if a trial court fails to properly notify a defendant of postrelease control at the sentencing hearing, a new sentencing hearing may be held to correct the error that is limited to the proper imposition of postrelease control. *Id*. at ¶ 29; *see also* R.C. 2929.191.

**{¶41}** In the instant matter, the record reflects that appellant was orally advised during the change of plea hearing that if he received a prison sentence, he would be subject to a discretionary postrelease control period of three years upon his release. However, the trial court failed to advise appellant of the details of postrelease control and the consequences of violating postrelease control during the sentencing hearing. The trial court's sentencing journal entry provides, in relevant part,

> postrelease control is part of this prison sentence for up to 3 years for the above felony(s) under R.C. 2967.28. Defendant advised that if/when

postrelease control supervision is imposed following his/her release from prison and if he/she violates that supervision or condition of postrelease control under R.C. 2967.131(B), parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.

{¶42} Based on the foregoing analysis, we find that appellant's sentence is partially void and subject to correction pursuant to *Fischer*. The trial court's imposition of postrelease control is reversed. The matter is remanded to the trial court for resentencing on the imposition of postrelease control.

{¶43} Appellant's fourth assignment of error is sustained.

### 3. Count 6

{¶44} Finally, our review of the sentencing transcript indicates that although appellant pled guilty to misdemeanor drug possession in Count 6, the trial court did not impose a sentence on Count 6 during the sentencing hearing. However, the court's sentencing journal entry reflects that appellant was sentenced to time served on Count 6.

{¶45} "[A] criminal defendant must be present at every stage of his trial, including sentencing." *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22, citing Crim.R. 43(A). Although a court generally speaks through its journal entries, a defendant is entitled to know his sentence at the sentencing hearing. *State v. Gay*, 8th Dist. Cuyahoga No. 101749, 2015-Ohio-1832, ¶ 27, citing *State v. Quinones*, 8th Dist. Cuyahoga No. 89221, 2007-Ohio-6077, ¶ 5, and *State v. Robinson*, 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068; *see State v. West*, 9th Dist. Summit No. 27485, 2015-Ohio-2936, ¶ 52 (trial court erred by imposing a sentence on a count in its

sentencing journal entry because the court did not impose a sentence on the count in open court during the sentencing hearing).

{¶46} Accordingly, we remand the matter for the trial court to conduct a hearing to clarify on the record the sentence imposed on Count 6. Pursuant to Crim.R. 43(A), appellant must be present for the clarification and imposition of the corrected sentence. *State v. R.W.*, 8th Dist. Cuyahoga No. 80631, 2003-Ohio-1142. *Accord Gay* at ¶ 27.

### III. Conclusion

{¶47} After thoroughly reviewing the record, we find that the trial court complied with Crim.R. 11 during the change of plea hearing and appellant entered the guilty plea knowingly, intelligently, and voluntarily; the trial court did not revoke appellant's community control sanctions because the trial court's community control sentence was not journalized, and thus, was not a final judgment of sentence.

{¶48} The trial court's sentencing journal entry is inconsistent with the sentence imposed in open court regarding court costs. The trial court's sentencing entry should be corrected by a nunc pro tunc entry to accurately reflect the court's decision at the sentencing hearing to impose court costs.

{¶49} The trial court failed to notify appellant of his postrelease control obligations and the consequences of violating postrelease control during the sentencing hearing, and failed to sentence appellant on Count 6. The matter is remanded to the trial court for a resentencing hearing that is limited to (1) the imposition of postrelease control pursuant to *Fischer,* and (2) clarification of the sentence on Count 6.

{¶50} Judgment affirmed in part, reversed in part, and remanded to the trial court for a limited resentencing hearing and a correction of the sentencing journal entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR