[Cite as *State v. McFarland*, 2025-Ohio-3287.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No. 114930

    v.                                    :

ALVERY MCFARLAND,                       :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** September 11, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-689328-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Krystal Hyojong Lee, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Anthony J. Richardson II, LLC, and Anthony J. Richardson II, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Alvery McFarland ("McFarland") appeals his sentence after pleading guilty to attempted felonious assault. For the following reasons we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On February 28, 2024, McFarland was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. McFarland's indictment included a notice-of-prior-conviction and a repeat-violent-offender specification. In a journal entry, issued contemporaneously with arraignment, the court declared McFarland indigent, assigned him defense counsel and notified him that "any costs imposed pursuant to [R.C.] 2743.70 and 2949.091 are hereby waived."

{¶ 3} On November 18, 2024, the court held a hearing at which McFarland pled guilty to an amended charge of attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1), which is a third-degree felony. The State dismissed the notice-of-prior-conviction and repeat-violent-offender specification. On December 10, 2024, the court held a sentencing hearing at which it imposed "$250 in costs [and] 36 months" in prison. Additionally, the court stated the following: "Sir, upon your release from prison, the Ohio Parole Board will impose a period of post-release control for a mandatory minimum of one year up to a maximum of three years."

{¶ 4} On December 17, 2024, the court issued a journal entry memorializing McFarland's sentence as "36 day(s)" in prison and "a mandatory minimum 1 year, up to a maximum of 3 years post release control." On January 6, 2025, the court issued a nunc pro tunc journal entry correcting the clerical error from 36 days to 36 months in prison. This journal entry also notified McFarland that he "will be subject

to a period of post-release control of: a mandatory minimum 1 year, up to a maximum of 3 years" as part of his sentence. Additionally, the journal entry stated that McFarland "is ordered to pay a fine in the sum of $250.00."

{¶ 5} McFarland appeals and raises two assignments of error for our review.

> I. The trial court failed to order a definite sentence, leaving the executive branch to act as judge.

> II. The trial court imposed financial sanctions where appellant was indigent and could not afford them.

## II. Law and Argument

### a. Felony Sentencing — Standard of Review

{¶ 6} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under . . . (C)(4) of section 2929.14 . . ." or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 2016-Ohio-1002. In *State v. Jones*, 2020-Ohio-6729, ¶ 39, the Ohio Supreme Court clarified that R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

{¶ 7} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly

applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 2013-Ohio-2525, ¶ 10 (8th Dist.).

### b. Postrelease Control

{¶ 8} In McFarland's first assignment of error, he argues that "the trial court failed to impose a definite term of postrelease control . . ." instead leaving "the executive branch to act as judge," which violates the separation-of-powers doctrine.

{¶ 9} In *State v. Bates*, 2022-Ohio-475, the Ohio Supreme Court explained that postrelease control is a part of certain prison sentences.

> R.C. 2967.28(B) requires that prison sentences for certain felonies include a mandatory term of postrelease control to be imposed by the parole board after the offender is released from imprisonment. R.C. 2967.28(B) and (C) identify the length of the term of postrelease control supervision for each degree of felony. At the sentencing hearing, the court must notify the offender of this mandatory supervision under R.C. 2967.28(B).

*Id.* at ¶ 10. *See also State v. Jordan*, 2004-Ohio-6085, ¶ 23, overruled on other grounds ("Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law.").

{¶ 10} It is undisputed that McFarland's conviction for attempted felonious assault is a third-degree felony offense of violence. *See* R.C. 2901.01(A)(9)(a). Therefore, pursuant to R.C. 2967.28(B)(4), the period of postrelease control applicable to McFarland is: "For a felony of third degree that is an offense of violence and is not a felony sex offense, up to three years, but not less than one year."

### i. Separation of Powers

{¶ 11} To support his argument that postrelease control violates the separation-of-powers doctrine, McFarland cites *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132 (2000). In *Bray*, the Ohio Supreme Court held that R.C. 2967.11, also known as the "bad-time" statute, was unconstitutional because it violated the separation-of-powers doctrine. *Id*. at 134, 136. Specifically, the *Bray* Court held as follows: "R.C. 2967.11(C), (D), and (E) enable the executive branch to prosecute an inmate for a crime, to determine whether a crime has been committed, and to impose a sentence for that crime. This is no less than the executive branch's acting as judge, prosecutor, and jury. R.C. 2967.11 intrudes well beyond the defined role of the executive branch as set forth in our Constitution." *Id*. at 135.

{¶ 12} In *Woods v. Telb*, 89 Ohio St.3d 504 (2000), *superseded by statute on other grounds*, the Ohio Supreme Court held that the "the post-release control statute is clearly distinguishable" from the "bad-time" statute. *Id*. at 512. The *Woods* Court detailed how "post-release control is part of the original judicially imposed sentence," and the "powers delegated to the executive branch" concern the "discretionary ability to impose post-release control sanctions . . ." rather than the term or period of postrelease control itself. *Id*. The Ohio Supreme Court held that "because the [executive branch's] discretion in managing post-release control does not impede the function of the judicial branch, we find no violation of the separation of powers doctrine." *Id*.

**{¶ 13}** In following *Woods*, we find that Ohio's postrelease control statutory scheme does not violate the separation-of-powers doctrine.

### ii. Period of Postrelease Control

**{¶ 14}** McFarland also argues in this assignment of error that "the trial court failed to sentence him fully when it did not impose a definite postrelease control sanction, but rather simply stated the statutory range . . . ." McFarland further argues that "this range is a guideline from which the trial court can decide the sanction and necessary period of postrelease control as part of the sentence." McFarland cites no Ohio law that takes this position, and upon review, we find that there is no basis in the law for this argument.

**{¶ 15}** R.C. 2967.28, which is titled, in part, "Period of post-release control for certain offenders," states that certain prison sentences "shall include a requirement that the offender be subject to a period of post-release control . . . ." This court has held that "[p]ostrelease control is a period of supervision of an offender by the Adult Parole Authority after release from prison that includes one or more postrelease control sanctions imposed by the parole board pursuant to R.C. 2967.28." *State v. Parker*, 2018-Ohio-3677, ¶ 19 (8th Dist.).

**{¶ 16}** Pursuant to R.C. 2967.28(B)(4), McFarland is subject to a period of postrelease control of "up to three years, but not less than one year." This is precisely what the court notified him of at his sentencing hearing.

**{¶ 17}** Upon review, we find that the court properly applied postrelease control at McFarland's sentencing hearing when it notified him that he was subject

to a one-to-three-year period of postrelease control upon his release from prison. Accordingly, McFarland's first assignment of error is overruled.

### c. Court Costs

{¶ 18} In his second assignment of error, McFarland argues that "there is basis for reversal and remand because the trial court imposed financial sanctions under R.C. 2929.18, despite the record supporting that [he] was indigent and could not afford the fine." At McFarland's sentencing hearing, the court included "$250 in costs" as part of McFarland's sentence. However, the court's sentencing journal entry states that McFarland "is ordered to pay a fine in the sum of $250.00." We note that the court did not reference R.C. 2929.18, which is the statute that governs financial sanctions as part of felony sentences, at the sentencing hearing or in its accompanying journal entries.

{¶ 19} The State argues on appeal that "it is clear from the record that the trial court imposed $250 in court costs at the sentencing hearing" and the journal entry's reference to a "fine" was a clerical error, which can be corrected through a nunc pro tunc entry. *See State v. Thompson*, 2025-Ohio-1547, ¶ 19 (8th Dist.); *State v. Richard*, 2024-Ohio-3194, ¶ 11 (8th Dist.) (A clerical "mistake can be corrected by the trial court through a nunc pro tunc entry to reflect what actually occurred in open court."). We agree with the State.

{¶ 20} Having determined that the court-imposed costs, rather than a fine, as part of McFarland's sentence, we turn to the issue of whether the court may impose costs against an indigent defendant.

{¶ 21} In *State v. White*, 2004-Ohio-5989, ¶ 8, the Ohio Supreme Court held that "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it *requires* a court to assess costs against all convicted defendants."[1] (Emphasis in original.) *See also State v. Brock*, 2017-Ohio-97, ¶ 17 (8th Dist.) (A "sentencing court must include in the sentence the costs of prosecution and render a judgment against the defendant for costs, even if the defendant is indigent."). Trial courts have the discretion to waive court costs for indigent defendants "if the defendant moves for a waiver of costs." *State v. Jones*, 2020-Ohio-1273, ¶ 29 (8th Dist.). In this case, McFarland did not move the trial court to waive the costs imposed at his sentencing hearing.

{¶ 22} Upon review, we find that the court properly imposed $250 in costs as part of McFarland's sentence. Accordingly, McFarland's second assignment of error is overruled.

{¶ 23} Judgment affirmed. Case remanded to the trial court to issue a nunc pro tunc entry imposing $250 in court costs, rather than a fine, to reflect what actually occurred in open court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] R.C. 2947.23 refers to "the costs of prosecution," which has "often been used interchangeably with 'court costs.'" *State v. Jones*, 2020-Ohio-1273, ¶ 30 (8th Dist.). In this case, the court's journal entry finding McFarland indigent waived costs under R.C. 2743.70, which governs "[a]dditional court costs and bail for reparations fund," and R.C. 2949.091, which governs "[a]dditional court costs or bail."

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MICHAEL JOHN RYAN, J., and
ANITA LASTER MAYS, J., CONCUR