[Cite as *State v. Massimiani*, 2025-Ohio-5137.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                         :

    Plaintiff-Appellee,          :

                                  No. 114755

    v.                                      :

BRIAN D. MASSIMIANI,                :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 13, 2025

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-24-690976-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Courtney Kirven, Assistant Prosecuting
Attorney, *for appellee.*

Allison F. Hibbard, *for appellant.*

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Brian Massimiani ("Massimiani") appeals the trial court's imposition of postrelease control. We reverse and remand to the trial court for resentencing on the imposition of postrelease control.

**{¶2}** Massimiani pleaded guilty to an amended indictment of two counts of domestic violence, fourth-degree felonies, in violation of R.C. 2919.25(A); two counts of domestic violence, second-degree misdemeanors, in violation of R.C. 2919.25(C); two counts of aggravated menacing, first-degree misdemeanors, in violation of R.C. 2903.21(A); one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.211(A)(1); one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.211(A)(2)(a); and one count of telecommunications harassment, a first-degree misdemeanor, in violation of R.C. 2917.21(A)(3).

**{¶3}** At the plea hearing, the trial court reviewed the potential penalties associated with a guilty plea. The trial court then stated in part:

> I do want to further break this down for you, Mr. Massimiani. Before I do that, I will advise you about post-release control.
>
> If you decide to accept this plea agreement and you are sent to prison, the parole board may monitor you after you are released from prison for up to two years. Again, it is up to the discretion of the parole board, not this Court. It's not mandatory PRC at that felony four level.

Tr. 12-13.

**{¶4}** Massimiani pleaded guilty, and the trial court stated again, in part, that "[a]s these are all felony 4s or lower if you are sent to prison, the parole board may monitor you up to two years, again, that's the parole board's decision. They may monitor you after release from prison, that's up to the parole board and not this Court." Tr. 28.

At the sentencing hearing, the trial court stated in part:

> I do need to advise you finally about post-release control. Given that you are being sent to prison this morning, the Parole Board may monitor you after you are released from prison for up to two years at the discretion of the Parole Board. Again, that's at their discretion, not to this Court.

Tr. 56.

**{¶5}** The trial court sentenced Massimiani to four years in prison. After further dialogue between the State and defense counsel, Massimiani was given credit for time served, 56 days. Massimiani filed this appeal, assigning one error for our review:

> The trial court improperly imposed postrelease control.

## I.      Standard of Review

**{¶6}** R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under . . . (C)(4) of section 2929.14 . . ." or (2) "the sentence is otherwise contrary to law," then it can be concluded that the court erred in sentencing. *State v. McFarland*, 2025-Ohio-3287, ¶ 6 (8th Dist.). *See also State v. Marcum*, 2016-Ohio-1002. *In State v. Jones*, 2020-Ohio-6729, ¶ 39, the Ohio Supreme Court clarified that R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

**{¶7}** A sentence is not clearly and convincingly contrary to law "'where the trial court considers the purposes and principles of sentencing under R.C. 2929.11

as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range.'" *McFarland* at ¶ 7, quoting *State v. A.H.*, 2013-Ohio-2525, ¶ 10 (8th Dist.). *See also State v. Jordan*, 2004-Ohio-6085, ¶ 23 ("Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law."), *overruled on other grounds by State v. Finger*, 2004-Ohio-6390.

## II.     Law and Analysis

{**¶8**} Massimiani argues that the trial court improperly imposed postrelease control because he was not orally advised at the sentencing hearing of the consequences of violating even though it was incorporated in the sentencing entry. In *State v. Grimes*, 2017-Ohio-2927, the Ohio Supreme Court held that

> a trial court need not specifically spell out the consequences for violating postrelease control in the sentencing entry as long as it did so at the sentencing hearing, but the sentencing entry must still contain an advisement "that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in the statute."

*Id.* at ¶ 1; *see also State v. Masterson,* 2019-Ohio-711, ¶ 9 (8th Dist.).

{**¶9**} Massimiani pleaded guilty to four fourth-degree felonies.  R.C. 2967.28(C) states in part:

> Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (4) of this section shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of

this section, determines that a period of post-release control is necessary for that offender.

**{¶10}** At the plea hearing, the trial court stated:

If you decide to accept this plea agreement and you are sent to prison, the parole board may monitor you after you are released from prison for up to two years. Again, it is up to the discretion of the parole board, not this Court. It's not mandatory PRC at that felony four level.

Tr. 13.

**{¶11}** At the sentencing hearing, the trial court also stated:

I do need to advise you finally about post-release control. Given that you are being sent to prison this morning, the Parole Board may monitor you after you are released from prison for up to two years at the discretion of the Parole Board. Again, that's at their discretion, not to this Court.

Tr. 56.

**{¶12}** In the trial court's journal entry, it stated in part:

As a result of the conviction(s) in this case and the imposition of a prison sentence, and pursuant to R.C. 2967.28(F)(4)(C), the defendant may be subject to a period of post-release control of: up to 2 years of PRC at the discretion of the parole board. The Adult Parole Authority will administer the post-release control pursuant to R.C. 2967.28, and the defendant has been advised that if the defendant violated post-release control, the parole board may impose a term originally imposed upon the defendant in nine-month increments. If while on post-release control the defendant is convicted of a new felony, the sentencing court will have authority to terminate the post-release control and order a consecutive prison term of up to the greater of twelve months or the remaining period of post-release control.

Journal Entry No. 188644573 (Nov. 19, 2024).

**{¶13}** "A trial court is required to provide 'statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including

notifying the defendant of the details of postrelease control and the consequences of violating postrelease control.'" *State v. Goines*, 2017-Ohio-8172, ¶ 39 (8th Dist.), quoting *State v. Qualls*, 2012-Ohio-1111, ¶ 18. "The trial court's postrelease control notification must also be incorporated into the sentencing entry 'to reflect the notification that was given at the sentencing hearing.'" *Id.*, quoting *id.* at ¶ 19. In this case at sentencing, the trial court did notify Massimiani of discretionary postrelease control but did not notify him of the consequences of violating postrelease control. The trial court then incorporated into its sentencing entry that it fully complied with the postrelease control notification. We find that the record does not support this finding.

{¶14} "When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *State v. Harper,* 2020-Ohio-2913, ¶ 42. "Accordingly, if a trial court fails to properly notify a defendant of postrelease control at the sentencing hearing, a new sentencing hearing may be held to correct the error that is limited to the proper imposition of postrelease control." *Goines* at ¶ 40, citing *State v. Fischer,* 2010-Ohio-6238, ¶ 29; *see also* R.C. 2929.191.

{¶15} There are requirements to the trial court's notification of postrelease control:

> The court at a sentencing hearing must notify the offender that he or she "will" or "may" "be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being

sentenced for" a felony. R.C. 2929.19(B)(2)(c) and (d). The offender "will" be supervised if the offender has been convicted of a felony subject to mandatory postrelease control. R.C. 2929.19(B)(2)(c) and 2967.28(B). The offender "may" be supervised if the offender has been convicted of a less serious felony for which the APA has discretion to impose postrelease control. R.C. 2929.19(B)(2)(d) and 2967.28(C). The postrelease-control law also designates the term of supervision for each degree of felony. R.C. 2967.28(B) and (C).

*Grimes*, 2017-Ohio-2927, at ¶ 9.

**{¶16}** As stated above, at Massimiani's sentencing hearing, the trial court advised him that he "may" be supervised by the parole board for up to two years, at their discretion. The trial court also incorporated the advisement into the sentencing entry. However, the trial court's advisement is only partially statutorily compliant with R.C. 2967.28(C) because the trial court did not advise Massimiani of the consequences of violating postrelease control. *See Goines*, 2017-Ohio-8172, at ¶ 39 (8th Dist.), citing *Qualls*, 2012-Ohio-1111, at ¶ 29. "Based on the foregoing analysis, we find that [Massimiani's] sentence is partially void and subject to correction pursuant to *Fischer,* [2010-Ohio-6238]. The trial court's imposition of postrelease control is reversed." *Id*. at ¶ 42.

**{¶17}** Therefore, Massimiani's assignment of error is sustained.

**{¶18}** Judgment reversed, and case remanded to the trial court for the limited purpose of resentencing on the imposition of postrelease control. At resentencing, the trial court is ordered to orally notify Massimiani of postrelease control, including the consequences of violating postrelease control.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR