[Cite as *State v. Massimiani*, 2026-Ohio-1056.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114755 |
| v. | : | |
| BRIAN D. MASSIMIANI, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** March 24, 2026

Cuyahoga County Court of Common Pleas
Case No. CR-24-690976-A
Application for Reopening
Motion No. 591604

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael R. Wajda, Assistant Prosecuting Attorney, *for appellee.*

Brian Massimiani, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} Brian Massimiani ("Massimiani"), pro se, has filed an application for reopening pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1991), based on claims of ineffective assistance of appellate counsel. Massimiani is

attempting to reopen the appellate judgment rendered in *State v. Massimiani,* 2025-Ohio-5137 (8th Dist.), in which this court reversed and remanded to the trial court for resentencing on the imposition of postrelease control.

{¶ 2} For the reasons that follow, we deny Massimiani's application to reopen the appeal.

## I.  Procedural History

{¶ 3} Massimiani pleaded guilty to an amended indictment of two counts of domestic violence, fourth-degree felonies, in violation of R.C. 2919.25(A); two counts of domestic violence, second-degree misdemeanors, in violation of R.C. 2919.25(C); two counts of aggravated menacing, first-degree misdemeanors, in violation of R.C. 2903.21(A); one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.211(A)(1); one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.211(A)(2)(a); and one count of telecommunications harassment, a first-degree misdemeanor, in violation of R.C. 2917.21(A)(3).

{¶ 4} At the plea hearing, the trial court reviewed the potential penalties associated with a guilty plea.  The trial court then stated in part:

> I do want to further break this down for you, Mr. Massimiani.  Before I do that, I will advise you about post-release control. If you decide to accept this plea agreement and you are sent to prison, the parole board may monitor you after you are released from prison for up to two years. Again, it is up to the discretion of the parole board, not this Court.  It's not mandatory PRC at that felony four level.

Tr. 12-13.

{¶ 5} Massimiani pleaded guilty, and the trial court stated again, in part, that "[a]s these are all felony 4s or lower if you are sent to prison, the parole board may monitor you up to two years, again, that's the parole board's decision. They may monitor you after release from prison, that's up to the parole board and not this Court." Tr. 28. At the sentencing hearing, the trial court stated in part:

> I do need to advise you finally about post-release control. Given that you are being sent to prison this morning, the Parole Board may monitor you after you are released from prison for up to two years at the discretion of the Parole Board. Again, that's at their discretion, not to this Court.

Tr. 56.

{¶ 6} The trial court sentenced Massimiani to four years in prison. After further dialogue between the State and defense counsel, Massimiani was given credit for time served, 56 days. Massimiani filed this appeal, assigning one error for our review: The trial court improperly imposed postrelease control.

{¶ 7} On November 13, 2025, this court sustained Massimiani's assignment of error and reversed for a limited remanded to the trial court for resentencing on the imposition of postrelease control. *Massimiani,* 2025-Ohio-5137, at ¶ 1 (8th Dist.).

{¶ 8} On January 20, 2026, Massimiani filed a timely application to reopen his appeal pursuant to App.R. 26(B). Massimiani asserts that he was denied the

effective assistance of appellate counsel because appellate counsel failed to raise the following proposed assignments of error on appeal:

> The trial court committed plain error in failing to conduct an analysis as to whether the multiple, undifferentiated counts of domestic violence and menacing by stalking were allied offenses of similar import, instead simply sentencing appellant to consecutive sentences therefore, in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

{¶ 9} On February 19, 2026, the State opposed the application, arguing that Massimiani fails to raise a colorable claim of ineffective assistance of appellate counsel because his convictions are not for allied offenses of similar import.

## II.    Law and Analysis

### A. Standard of Review

{¶ 10} Under App.R. 26(B), a defendant in a criminal case may apply to reopen his or her appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. The application must be filed within 90 days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. App.R. 26(B)(1).

{¶ 11} Claims of ineffective assistance of appellate counsel are evaluated under the same standard applied to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Leyh*, 2022-Ohio-292, ¶ 17. Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different,' [*Strickland*] at 694." *Leyh* at ¶ 18. When reviewing counsel's performance, this court must be highly deferential and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland* at 689. To establish resulting prejudice, a defendant must show that the outcome of the proceedings would have been different but for counsel's deficient performance. *Id.* at 687.

{¶ 12} App.R. 26(B) establishes a two-stage procedure for adjudicating claims of ineffective assistance of appellate counsel. *Leyh* at ¶ 19. An applicant must first make a threshold showing that appellate counsel was ineffective. *Id.* at ¶ 19, 35. An application for reopening "'shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.'" *Id.* at ¶ 21, quoting App.R. 26(B)(5). "The burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Id.*, citing *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). "[A]ppellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *State v. Tenace*, 2006-Ohio-2987, ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983), and *State v. Sanders*, 2002-Ohio-350.

{¶ 13} If the applicant makes the required threshold showing, demonstrating that "there is at least a genuine issue — that is, legitimate grounds — to support the claim that the applicant was deprived of the effective assistance of counsel on appeal[,]" then the application shall be granted and the appeal reopened.

*Leyh* at ¶ 25, citing App.R. 26(B)(5). The matter then "proceeds to the second stage of the procedure, which 'involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals.'" *Leyh* at ¶ 22, quoting 1993 Staff Notes to App.R. 26(B).

{¶ 14} With the foregoing standards in mind, we address Massimiani's proposed assignment of error.

## B. Allied Offenses of Similar Import

{¶ 15} In Massimiani's proposed assignment of error, he argues appellate counsel was ineffective for failing to conduct an analysis as to whether the multiple, undifferentiated counts of domestic violence and menacing by stalking were allied offenses of similar import.

{¶ 16} "The allied offenses statute, R.C. 2941.25, codifies Ohio's double jeopardy protections regarding when multiple punishments may be imposed." *State v. Yafear*, 2021-Ohio-317, ¶ 10 (8th Dist.), citing *State v. Ruff*, 2015-Ohio-995, ¶ 12.

> Under [R.C. 2941.25], where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one offense. A defendant charged with multiple offenses may be convicted of all the offenses, however, if (1) the defendant's conduct constitutes offenses of dissimilar import; i.e., each offense caused separate, identifiable harm; (2) the offenses were committed separately; or (3) the offenses were committed with separate animus or motivation.

*Id.*, citing R.C. 2941.25(B); *Ruff* at ¶ 14. "Thus, to determine whether offenses are

allied, courts must consider the defendant's conduct, the animus, and the import." *Id.* at paragraph one of the syllabus.

{¶ 17} "Where a defendant fails to raise the issue of allied offenses in the trial court, he forfeits all but plain error review on appeal." *Yafear* at ¶ 11, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 3. "Under the plain error standard, an error is not reversible unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.*, citing *id.*; *see also* Crim.R. 52. If we apply the plain error standard to an allied offenses argument, the "'accused has the burden to demonstrate a reasonable probability that the convictions are allied offenses of similar import committed with the same conduct and without a separate animus' or import." *Id.*, quoting *id.* "The defendant must meet this burden before a reviewing court may reverse for plain error." *Id.*

{¶ 18} Massimiani's arguments are misplaced. The trial court discussed whether Massimiani's offenses were allied offenses at the plea hearing. The trial court stated: "I do note that it's the Court's understanding that the dates of offenses alleged are on different dates, and accordingly, I believe those offenses would not merge for purposes of sentencing." Tr. 11. Again, the court stated later at the plea hearing:

> The Court notes that as alleged the dates of these offenses appear to have occurred on different dates, at least as to, for example, counts one and two, which leads me to believe that for the purposes of sentencing, if convicted on counts one and two, strangulation of the third degree, those counts would not, in fact, merge, which mean you may be facing,

just so you are aware, just on counts one and two alone, a total of six years in prison. That's not including counts 3 through 13.

Tr. 15-16.

{¶ 19} In Massimiani's application he does not argue that his offenses were allied offenses, but rather the trial court did not make the findings, and his appellate counsel did not raise the error at his appeal. However, the trial court did make a finding that the offenses were not allied offenses. Massimiani pleaded guilty to two counts of domestic violence that took place on March 9 and 15, 2024; two counts of aggravated menacing, that took place on March 15 and 18, 2024; two counts of menacing by stalking, in violation of R.C. 2903.211(A)(1) and R.C. 2903.211(A)(2)(a), that took place from March 23 to April 5, 2024; and one count of telecommunications harassment, that took place from March 23 through 26, 2024.

{¶ 20} Massimiani's menacing-by-stalking offenses addressed two separate conducts. The first was committed when Massimiani caused the victim to believe through death-threat letters and electronic posts that he would cause physical harm to the victim and her family. The second was committed when Massimiani threatened the victim through telephone calls. The offenses were committed separately. Thus, they are not allied offenses.

{¶ 21} "It is generally within the prerogative of appellate counsel to focus on certain issues while winnowing out those that are less meritorious." *State v. Cobb,* 2019-Ohio-2320, ¶ 13 (8th Dist.), citing *State v. Barrow*, 2015-Ohio-4579, ¶ 7 (8th

Dist.). "'Appellate counsel is not necessarily ineffective for failing to raise a claim of error and has no constitutional duty to raise every conceivable assignment of error on appeal.'" *Id.*, quoting *State v. Kaszas*, 1998 Ohio App. LEXIS 4227 (8th Dist. Sept. 10, 1998), *reopening disallowed*, 2000 Ohio App. LEXIS 3755, 7-8 (Aug. 14, 2000), citing *Jones v. Barnes*, 463 U.S. 745 (1983); *State v. Gumm*, 73 Ohio St.3d 413, 428 (1995).

{¶ 22} Based on the foregoing, we find the generalized claims in Massimiani's proposed assignment of error cannot form the basis for a reopening of the original appeal. Massimiani has not presented a colorable claim of ineffective assistance of appellate counsel.

{¶ 23} The application for reopening is denied.

_____

ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, A.J., and
MICHAEL JOHN RYAN, J., CONCUR